UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STUDENT FREE PRESS ASSOCIATION,  )<br>4771 Mechanic Rd., Hillsdale, MI 49242  )<br>              )<br>           and            )<br>              )<br>CHRISTIAN SCHNEIDER,       )<br>4421 Yuma Dr., Madison, WI 53711   )<br>              )<br>                    Plaintiffs,  )<br>    v.          )<br>              )<br>UNITED STATES DEPARTMENT OF    )<br>EDUCATION,          )<br>400 Maryland Ave., SW, Washington, DC 20202  )<br>              )<br>                    Defendant  ) | Civil Action No. 22-1713 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs allege as follows, against Defendant U.S. Department of Education:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiffs seek to compel production under a March 2021 FOIA request submitted by plaintiff Christian Schneider, a reporter for *The College Fix*, which is a publication of plaintiff Student Free Press Association.

3) On March 31, 2021, Schneider submitted a FOIA request to Defendant about the Department of Education's Free Speech Hotline, seeking "all the emails the Free Speech Hotline received since it began operating."

4) Defendant was required to issue a determination in response to that request within 20 working days, that is, by no later than April 28, 2021. *See* 5 U.S.C. § 552(a)(6)(A)(i).

1

5) Defendant has failed to provide Schneider with either the records requested, or the determination in response to plaintiff's FOIA request mandated by 5 U.S.C. § 552(a)(6)(A)(i).

6) FOIA requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. As the D.C. Circuit explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

7) Over 14 months have elapsed since the FOIA request.

8) Due to Defendant's failure to comply with FOIA's deadlines, plaintiffs have filed this lawsuit to compel it to comply with the law.

9) This lawsuit is filed in accordance with 5 U.S.C. § 552(a)(4)(B).

## **PARTIES**

10) Plaintiff Student Free Press Association is a non-profit media organization that is exempt from federal income tax under section 501(c)(3) of Title 26 of the United States Code. It operates *The College Fix*, a news website focused on higher education.

11) Christian Schneider is a reporter for *The College Fix* and is employed by the Student Free Press Association.

12) United States Department of Education is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered at 400 Maryland Avenue, SW, Washington, D.C.  20202. Defendant has possession, custody, and control of the records that plaintiffs seek.

## JURISDICTION AND VENUE

13) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

14) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), both because the records are located in Washington, D.C., and because defendant is a federal agency.

## FACTUAL AND STATUTORY BACKGROUND

15) On March 31, 2021, Christian Schneider, a reporter for *The College Fix*, submitted a FOIA request via the U.S. Department of Education's open records request portal:

    "In December 2020, the Department of Education announced a new 'Free Speech Hotline' where students could email the Office of the General Counsel with any First Amendment violations. I am requesting a copy of all the emails the Free Speech Hotline received since it began operating.  (Date Range for Record Search: From 12/01/2020 To 03/31/2021)"

16) He listed *The College Fix* as his employer on the online form he filled out to submit the FOIA request.

17) That same day, Schneider received an acknowledgment of his request, stating:

    "Request #21-01290-F has been assigned to the request you submitted. In all future correspondence regarding this request, please reference FOIA tracking number 21-01290-F.

    Please refer to the FOIA tracking number to check the status of your FOIA request at the link provided below:

    https://foiaxpress.pal.ed.gov/app/CheckStatus.aspx

    For any future correspondence, status updates or questions regarding your request, please contact the FOIA Public Liaison via email to EDFOIAManager@ed.gov.

    Regards,

    Department of Education,

    Office of the Executive Secretariat"

18) On April 1, 2021, Schneider received an email from the defendant telling him his request was in process:

> "The status of your FOIA request #21-01290-F has been updated to the following status 'In Process'. To log into the DoEd FOIA Portal click on the Application URL below. https://foiaxpress.pal.ed.gov/
>
> Sincerely,
>
> Department of Education"

19) On April 5, 2021, Schneider received an email from Elise Cook in the Education Department's FOIA Service Center, attaching a letter, addressed to "Mr. Christian Schneider" of "The College Fix," telling him that a fee waiver had been granted by Defendant:

> "You have asked for a waiver of all fees, including duplication fees, associated with processing your request based on your requester category as News Media requester. Based on the information you submitted for a fee waiver, that request is granted."

20) On April 6, 2021, Schneider contacted a spokesperson for Defendant, to ask if the Free Speech Hotline was still operational. The spokesperson said that it was:

> "Here is what we can tell you.  On background, attributed to an Education Department spokesperson:
>
> 'Under the previous administration, the Department established an email inbox to receive complaints regarding campus speech.  At present, the Department's new leadership is assessing this inbox and it remains online.'"

21) On September 27, 2021, Schneider sent the department a message via their online messaging page that said the following: "I made a FOIA request in March of this year and would like an update on the status of the request. It is number 21-01290-F."

22) On September 30, 2021, the Education Department responded:

> "Good morning,

4

> The assigned program office is still continuing to process your request. I am reaching out to them for a more specific update on the status of your request. Thank you for your patience."

23) On December 13, 2021, Schneider emailed Jim Bradshaw, a U.S. Department of Education spokesman, for a story he was working on about the one year anniversary of the hotline. Schneider asked Bradshaw,

> "I have filed a FOIA request for the records and received no response, then inquired again, and once again received no response.
>
> Is the Department still collecting campus speech complaints? How many has it received?
>
> Why has the Department not released the complaints I requested back in April?"

24) Bradshaw responded later on December 13, 2021, writing, *inter alia*:

> "As far as your FOIA request, best bet is to contact EDFOIAmanager@ed.gov. Details on the act are available here. The Department's FOIA page now includes a link to the current status of all pending FOIA requests. See Check Status of FOIA Request. They are listed by request number."

25) After a further email exchange with Bradshaw, Schneider emailed the Education Department FOIA Manager at EDFOIAmanager@ed.gov on December 14, 2021. He stated that on March 31, he had "made a FOIA request, which became number 21-01290-F," but had "never received any documents or any notification from the Department that anything had been sent. Also, when I check the status of the request on my account page, I get this information, which says the request is still 'In Process.'"

26) In that email, he included the below "Request Status" table, which is provided to FOIA requesters when they use the "Check Status" function at the U.S. Department of Education's FOIA portal, at https://foiaxpress.pal.ed.gov/app/CheckStatus.aspx. The table

distinguishes between FOIA requests that have been merely "Received" or "Assigned for Processing" and FOIA requests that have been fulfilled by having "Document Delivered" or have been "Closed" due to "The Agency's response" to a request being "sent":

| Request Status | Status Description |
|---|---|
| Received | Request has been properly received by the U.S Department of Education. |
| Assigned for Processing | Request has been assigned to a FOIA Specialist for processing. |
| On Hold-Need Info/Clarification | Request is on hold, additional information required. |
| On Hold-Fee Related Reasons | Request is on hold due to fee related reasons. |
| In Process | Request is actively being processed. |
| Document Delivered | Responsive documents have been delivered. If delivery was made via to your private reading room on this site please sign in and click on the download icon for the delivered request. Otherwise, the records will be delivered in the method requested. |
| Closed | The Agency's response to your request was sent and your request is closed. |

27) That same day, the Education Department FOIA Manager responded that "this request is assigned for processing."

28) "Assigned for processing" is listed in the above table as an early stage in processing FOIA requests, that occurs before documents are delivered, and before access to records is granted or denied in the agency's response.

29) This was the final communication Schneider received from anyone at the Education Department about his FOIA request.

30) Defendant's determination in response to plaintiff's FOIA request was due 20 working days after it received plaintiffs' request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

31) So defendant's deadline for issuing its determination was April 28, 2021.

32) In none of its communications with Schneider did Defendant indicate whether it would later produce any records in response to FOIA request number 21-01290-F, or indicate how many documents it would ultimately produce or withhold in response to the FOIA request.

33) To qualify as a "determination" for purposes of 5 U.S.C. § 552(a)(6)(A)(I)(i), an agency's response must "inform the requester of the scope of the documents that the

agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

34) Defendant has provided no such determination in response to FOIA request number 21-01290-F. Nor has it provided any records in response to Schneider's FOIA request.

35) Due to defendant's failure to comply with the statutory deadline for issuing a determination, plaintiffs exhausted all administrative remedies and can now sue.[1]

36) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

**Defendant Has Waived the Right to Charge Fees**

37) In addition to the fact that Defendant "granted" a "waiver of all fees" in its April 5 letter to Schneider, it has also waived the right to collect fees for processing plaintiffs' request by failing to comply with FOIA's deadlines.

38) In *Bensman v. National Park Service*, 806 F.Supp.2d 31 (D.D.C. 2011), this Court noted that "the 2007 [FOIA] Amendments … impose consequences on agencies that …. fail to comport with FOIA's requirements….To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with any time limit' of FOIA."

---

[1] *See CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2016) ("if an agency does not adhere to certain statutory timelines in responding to a FOIA request, the requester is deemed by statute to have fulfilled the exhaustion requirement")

39) The records sought in plaintiffs' FOIA request, which involve potential First Amendment violations and federal responses to such violations, are of great public interest, and producing them would be of public benefit.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

40) Plaintiffs re-allege paragraphs 1-39 as if fully set out herein.

41) Defendant is improperly withholding agency records.

42) Plaintiffs ask this Court to enter a judgment declaring that:

   a. Plaintiffs are entitled to the records described in their FOIA request, and any attachments thereto;

   b. Defendant's processing of plaintiffs' FOIA request is not in accordance with the law, and does not satisfy Defendant's obligations under FOIA;

   c. Defendant has a duty to produce the records responsive to plaintiffs' FOIA request;

   d. Defendant has a duty to produce them without charging any fees.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

43) Plaintiffs re-allege paragraphs 1-42 as if fully set out herein.

44) Plaintiffs are entitled to injunctive relief compelling defendant to produce the records described in their FOIA request, without charging any fees.

45) Plaintiffs ask the Court to issue an injunction ordering defendant to produce to plaintiffs, within 10 business days of the date of the order, the records sought in plaintiffs' FOIA request, and any attachments thereto.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

46) Plaintiffs re-allege paragraphs 1-45 as if fully set out herein.

47) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

48) This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiffs request the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other relief as the Court shall deem proper.

Respectfully submitted this 14th day of June, 2022,

   /s/ Hans F. Bader
Hans F. Bader
D.C. Bar No. 466545
hfb138@yahoo.com
1100 Conn. Ave., NW, #625
Washington, DC 20036
(703) 399-6738

*Attorney for Plaintiffs*